[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-11267
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cv-00024-WTM-GRS

MICHAEL J. KISTLER,
HUTCH HOLDINGS, INC.,

                                        Plaintiffs-Appellants,

versus

FEDERAL DEPOSIT INSURANCE CORPORATION,
as Receiver for First National Bank,

                                        Defendant-Appellee,

FIRST NATIONAL BANK,

                                        Defendant.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(September 26, 2013)

Before WILSON, HILL and ANDERSON, Circuit Judges.

PER CURIAM:

Plaintiffs, Michael J. Kistler and Hutch Holdings, Inc., appeal the grant of summary judgment to the Federal Deposit Insurance Corp. as Receiver for First National Bank on its claim as to the indebtedness owed it by the plaintiffs, as well as on all claims alleged against it by plaintiffs. We have carefully reviewed the record below and the detailed and thoughtful opinion of the district court and find no reversible error. Therefore, we shall affirm the judgment.

The undisputed facts forming the basis for the Federal Deposit Insurance Corp.'s (the "FDIC") claim are these. In 2007, Michael J. Kistler obtained a line of credit from First National Bank in the principal sum of $1,500,000.00. Kistler, as president of Hutch Holdings, Inc., also entered into a commercial security agreement with the bank. The agreement granted the bank a deed to secure debt with real property, and an assignment of lease and rents. Kistler also executed an absolute, unconditional, and continuing personal guaranty of a promissory note to the bank from a corporation of which Kistler is a member and guarantor. Sometime thereafter, the bank froze the line of credit but forced an advance on it to fully satisfy Kistler's personal guaranty. Kistler demanded a return of the line of credit monies, but the bank refused.

2

Litigation ensued in state court with Kistler asserting a variety of common law tort as well as contract claims against the bank.  The details of this litigation are fully outlined in the district court's opinion.  During the litigation, however, the FDIC was appointed as Receiver of the bank and the state court litigation was removed to federal court whereupon the FDIC moved for summary judgment in its favor as to Kistler's indebtedness and against Kistler on his claims against the bank.

In its detailed opinion, the district court granted summary judgment as to plaintiffs' undisputed indebtedness to the FDIC and entered judgment for the FDIC.  There is no error here.  In addition, the court carefully reviewed each and every one of Kistler's common law and contract claims against the FDIC and concluded that none of them were meritorious.  Our review of the district court's application of the relevant law to these claims reveals no error in any of these conclusions.

Accordingly, the judgment of the district court is AFFIRMED.